

[ BELLINGHAM'S Executors v. CHAMBERLIN ]

[ JONES v. CRISPE ]

John Jones plaint. agt Zechariah Crispe Defendt in an action of the case for breach of promiss which is to the sd Jones his damage, the sd Jones being engaged for the saide Zechariah Crispe for maintenance of a Childe; which was Laide to the sd Crispe & all due damages

according to Attachm$^t$ Dat: June: 18th 1674. . . . The Jury . . . founde for the plaintiffe Fifty shillings in mony & costs of Court: The Defend$^t$ appealed from this judgment to the next Court of Assistants & himselfe principall in five pounds & John Taylor & Simeon Messeng$^r$ as Sureties in Fifty shillings apeice acknowledged themselves respectiuely bound to . . . prosecute his appeal . . .

[ The Laws and Liberties of Massachusetts are not quoted correctly in Crisp's Reasons of Appeal (S. F. 1324.3), which follow:

To the Honorable the Govern$^r$ & Magis$^{rts}$ now Assembled in Court

Zachariah Crisp his reasons of Appeal from the Judgment of A County Court held in Boston July the 28: 1674 in A Case where in he was defendant to Answer John Jones plaintif

First Because J am sued for breach of promis but not said whether my promis or the plaintifs or Any other mans nor to whom the said promis was maid; which rendered me not Capable to fitt myself for Any Answer. Contrary (as J humby Conceue) to the true meaning and intent of that Law Title Attechments or summons pg: 7: sec: 2 which saith the Cause of Action shall be breifly mentioned in the Attechment by which word breifly must be soe mentioned as to prouide for an answer by A promis not spetifying what J Could not prouide proof of performance which J Conceue was ground of A Nonsuit.

2ly The said premisses is not at all proued whether J euer made him the now defendant any promis nor euer did and therefore Could not break any; and the breach is as little proued as the makeing of any soe that indeed there is noe part of the Cause of Action proued that J know of; yet J am Cast to paye fifty Shillings wherefore J Appealed to this Court to be releiued.

3ly Jt is true that there appeareth a paper subscribed James Stiuens by him self or sum other which sayeth hee receued fifty shillings but if he receued it vpon the Concideration of leting fall an Action or other wise what doth that bind me to repaye fifty shillings which J neuer promised nor is yet Any way prooued And alsoe the sole Euidence in the Case (to wit) Returne Waytes oath which he did swear too was that he saw fifty shillings payed without Any more Adition as he doth Aferm and to that the Clarcke haith added all the rest which is false and untrue for the said Steuens haith not nor Euer had Any doughter of Age to haue A Child and thereby his doughter is slandered with the Clarcks fals additions to the oath as J humbly Conceue (or by Returne Waytes fals oath; Now by which fals proofe J am Cast though that neither proofeth any promise made and brocken by mee to the dammage of John Jones yet am J Cast wherefore J appealed to Cum to this Hon$^r$ed Court for releefe

Zachariah Crisp:

These Reasons were received August. 26th 1674: per Js$^a$ Addington Cler

S. F. 1324.4

John Joans his answer to Zac[ri]ah Crisps Reasons of appeale from the Judgnent of a County Coartt held in Boston July 28 1674

The apelantts first reason siemeth to plead for a nonsute grounded upon his suposision of an eror in the atachmentt and so taketh upon him the power of the

honered genarall Coartt to explaine and giue to this honerd Coartt as hee saith the true intent and meaning of the law tit[le] atachments which high presumtion I humbly desire this honered Coart will consider: and if hee would haue plead a nonsute that should haue bin don in the proper season of it viz before the cace was comited to the furst Jury but being nou to late I need not troble this honored Coartt with many words about it

2ly whear as hee saith in his 2 reason no promis of his proued theirfore nou breake: to that I answer that him selfe denieth it not and silenc is taken for a consentt besids Justes and reason will say that by hauing paied fifty shilings in mony for him upon his reques and desire hee being in a great straite for the present and nesesery suport and releife of his deeare Child as will apeare by the copy of an atachment serued on me by James Steuens as i was surty for the apelant Conserning the premises and also return waits oath all which euedenc is now in coartt in this cace: i say I humbly conceiue that Justes and reason will Cause him to repay mee my money again which the honered County Coart has Justly and leagaly granted mee and yett hee like a trobelson person appealleth puting mee and him selfe to nedles troble

3$^{ly}$ where as the appelant saith that [in] his 3 reason so caled but as i humbly conseiue rather an an acusation or exclaimation against the honred County coartt and Jury expresly contrary to the law titled apeales page the 4 sex the 2 which directeth and comandeth all persons apealing shall briefly in writing with out reflecting on coartt or parties by prouoking langidg: which I humbly conceiue hee hath absolutly broakne for he saith that hee was cast only by a paper sub-scribed James steuen by him selfe or som other and returne waits false oath or the Clarks false adition to it: what an horable and high reflection and contempt of authority is this I humbly intreat this honered Coart and Jury to Consider and Judg and also the honesty and equity of my cause and hou he goeth about by strange and false exclamations in his 3 and last reason to diuirtt the honistie of my good Cause wheirfor I shall make bould to leaue all to the considration of this honered Coart and Jury and subscribe my selfe your honours moste humble seruant

John Joanes

The Appeal was heard by the Court of Assistants when the Jury found this *very* special verdict (S. F. 1324.5):

Jn the Case of Zachariah Crisp plaintiff against John Joanes defendant: the Jury finde A speciall verdite: that Jn Case the testemony of Retturne Way[*torn*] steuenses Reseipt & John Joanes Afirmation be Suffisient Euidence according to [*torn*] to proue A promis: then we finde for the defendant Confirmation of the form[er] Judgment & Cost of Courts if not we finde for the plantiff Reuertion of the fo[rmer] Judgment & Cost of Courts

Rich [Knight] F[ore]man

The magistrates, "on pervsall of this virdict they declard for the deffendant & costs of courts." Records of the Court of Assistants, i. 18.]